UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UTILA DIVE VENTURES, ET AL.                CIVIL ACTION

VERSUS                                     NO: 10-2621

BAY ISLAND YACHT RESTORATION,              SECTION: R(3)
LLC, ET AL.

**ORDER AND REASONS**

Before the Court is plaintiffs unopposed motion for summary judgment.[1]  Because there is no basis for holding Mr. Dilbert personally liable for the obligations of Bay Island Yacht Restoration, LLC, the Court DENIES plaintiffs' motion.

**I.   BACKGROUND**

Bay Island Restoration ("Bay Island") entered into a contract with Utila Dive Ventures ("Utila") in which Bay Island agreed to paint the vessel M/V Utila Aggressor II.  The contract outlined the work to be performed by Bay Island, contained a payment schedule and specified the date of completion.  Pursuant to the terms of the contract plaintiffs were to pay a total sum of $240,000 to Bay Island for materials, labor and insurance costs.  The painting job was to be finished in ten weeks, on April 19, 2010.  From February 23, 2010 through June 11, 2010, plaintiffs made eight payments to Bay Island totaling $223,000.

---

[1]   R. Doc. 33.

Bay Island did not complete painting the vessel by the date designated in the contract. Plaintiffs allege that on June 14, 2010, Arvin Dilbert, owner of Bay Island, requested additional funds from Bodden. Plaintiffs assert that when they refused to provide additional money until painting was completed, Dilbert walked off the job taking all of his equipment with him. Troy Bodden, owner of Utila, then flew to Honduras, where the vessel was located, to inspect it, and alleges that much of the work Bay Island completed was improperly performed. Bodden hired Bayou Yacht Painting ("Bayou Yacht") to redo and complete the painting job. Plaintiffs paid Bayou Yacht $122,721.79 for this work.

Plaintiffs filed a complaint seeking reimbursement from defendants for the damages resulting from Bay Island's breach of contract. Plaintiffs now move for summary judgment on their breach of contract claim. The motion is unopposed.

## II. LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as

2

to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.  The evidentiary requirements of summary judgment apply equally to pro se litigants as they do to represented parties.  "Although pro se litigants are not held to the same standards of compliance with formal or technical pleading rules applied to attorneys, [the Fifth Circuit has] never allowed such litigants to oppose summary judgments by the use of unsworn materials."  *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980); *see also Morales v. Boyd*, 304 Fed. Appx. 315, 318 (5th Cir. 2008)(quoting *Barker v. Norman*, 651 F.2d 1107, 1123 (5th Cir. 1981)).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th

Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075; *Isquith ex rel. Isquith v. Middle South Utils., Inc.*, 847 F.2d 186, 198 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988).

**III. DISCUSSION**

Contract interpretation is the determination of the common intent of the parties. LA. CIV. CODE art. 2045. The words of a contract must be given their generally prevailing meaning. LA. CIV. CODE art. 2047. When a contract is clear and explicit, no

4

further interpretation may be made in search of the parties' intent.  LA. CIV. CODE art. 2046.  The issue of ambiguity of a contract is a legal question.  *Dore Energy Corp. v. Prospective Inv. & Trading Co., Ltd.*, 570 F.3d 219, 225 (5th Cir. 2009)(discussing the principles governing the interpretation of contracts under Louisiana law).  If the contract is not ambiguous, then interpreting it is also a legal issue for the court.  *Id.*  A court may consider extrinsic evidence as to the parties' intent only if the contract is ambiguous.  *See, e.g., Campbell v. Melton*, 817 So.2d 69, 75 (La. 2002).

In this case, the contract on its face is between Bay Island Yacht, LLC and Utila Dive Ventures.  The contract explicitly states that it is "a contract summary on behalf of Bay Island Yacht L.L.C."[2]  and consistently refers to Bay Island Yacht as the relevant party.  Bay Island Yacht is a limited liability company (LLC), and a member of an LLC is not liable for the debts, obligations or liability of the company.  *See* La. Rev. Stat. § 12:1320; *Bayer v. Omni Hotels Management Corp.*, 995 So.2d 639, (La. Ct. App. 2008).  Plaintiffs have asserted no basis for holding Arvin Dilbert personally liable for the obligations of the LLC.  Accordingly, the Court finds that plaintiffs are not entitled to summary judgment on their breach of contract claim against Dilbert.

---

[2]    R. Doc. 33-5.

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiffs' motion for summary judgment.

New Orleans, Louisiana, this <u>8th</u> day of September, 2011.

_____*Sarah Vance*_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE