UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UTILA DIVE VENTURES, ET AL.                CIVIL ACTION

VERSUS                                     NO: 10-2621

BAY ISLAND YACHT RESTORATION,              SECTION: R(3)
LLC, ET AL.

<u>**ORDER AND REASONS**</u>

Plaintiffs move the Court to enter a default judgment against defendant Bay Island Yacht Restoration, LLC.[1]  Because Utila Dive Ventures has presented evidence that Bay Island Yacht Restoration's breach of contract resulted in damages, and the amount is capable of mathematic calculation, the Court GRANTS plaintiffs' motion without an evidentiary hearing and enters a default judgment against Bay Island Yacht Restoration, LLC in the amount of $105,21.79.


**I.    BACKGROUND**

Bay Island Restoration ("Bay Island") entered into a contract with Utila Dive Ventures ("Utila") in which Bay Island agreed to paint the vessel M/V Utila Aggressor II.  The contract outlined the work to be performed by Bay Island, contained a payment schedule and specified the date of completion.  Pursuant to the terms of the contract plaintiffs were to pay a total sum

---

[1]    R. Doc. 31.

of $240,000 to Bay Island for materials, labor and insurance costs.  The painting job was to be finished in ten weeks, on April 19, 2010.  From February 23, 2010 through June 11, 2010, plaintiffs made eight payments to Bay Island totaling $223,000.

Bay Island did not complete painting the vessel by the date designated in the contract.  Plaintiffs allege that on June 14, 2010, Arvin Dilbert, owner of Bay Island, requested additional funds from Bodden.  Plaintiffs assert that when they refused to provide additional money until painting was completed, Dilbert walked off the job taking all of his equipment with him.  Troy Bodden, owner of Utila, then flew to Honduras, where the vessel was located, to inspect it, and alleges that much of the work Bay Island completed was improperly performed.  Bodden hired Bayou Yacht Painting ("Bayou Yacht") to redo and complete the painting job.  Plaintiffs paid Bayou Yacht $122,721.79 for this work.

Plaintiffs filed a complaint seeking reimbursement from defendant for the damages resulting from their breach of contract.  Defendants Bay Island and Dilbert were served on August 27, 2010.  Dilbert filed an answer to plaintiffs' complaint on October 25, 2010, but to date, Bay Island has not filed an answer.  Plaintiffs moved for an entry of default against Bay Island, and on September 27, 2010, default was entered.[2]  A second entry of default was entered against Bay

---

[2]     R. Doc. 11.

Island on December 2, 2010.[3]  Plaintiffs now move for an entry of default judgment against Bay Island.

## II.  STANDARD

Under Federal Rule of Civil Procedure 55(b), a default judgment may be entered against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required time period.  Fed. R. Civ. P. 55(b).  A plaintiff who seeks a default judgment against an uncooperative defendant must proceed through two steps.  First, the plaintiff must petition the court for the entry of default, which is simply "a notation of the party's default on the clerk's record of the case.  *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986); *see also United States v. Hansen*, 795 F.2d 35, 37 (7th Cir. 1986) (describing the entry of default as "an intermediate, ministerial, nonjudicial, virtually meaningless docket entry"). Before the clerk may enter the defendant's default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a). Beyond that requirement, however, the entry of default is largely mechanical.

Once default has been entered, the plaintiff's well-pleaded factual allegations are deemed admitted.  *See Nishimatsu Const.*

---

[3]     R. Doc. 23.

*Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). At the same time, the defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* After the defendant's default has been entered, the plaintiff may request the entry of judgment on the default. If the plaintiff's claim is for a sum certain and the defendant has not made an appearance in court, the request for a default judgment may be directed to the clerk. Fed. R. Civ. P. 55(b)(1). In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). No party is entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). The disposition of a motion for the entry of default judgment ultimately rests within the sound discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

## III. DISCUSSION

### A. Jurisdiction and Choice of Law

Before entering judgment, the district court must "look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)). Judgment entered in the

absence of jurisdiction is void, and the court must therefore refrain from entering judgment if its jurisdiction is uncertain.

In this case, subject matter jurisdiction is founded upon diversity of citizenship.  *See* 28 U.S.C. § 1332.  Defendant Arvin Dilbert is an alleged resident of St. Tammany Parish, Louisiana; defendant Bay Island Yacht Restoration, a limited liability company, is an alleged resident of Lacombe, Louisiana; plaintiff Utila Dive Ventures is an alleged resident of Honduras, and the amount in controversy exceeds $75,000.[4]  Service of process appears to have been properly executed on defendant Bay Island Yacht Restoration under the Federal Rules of Civil Procedure. The Court therefore finds that it has jurisdiction to enter this default judgment.

Plaintiff alleges that Louisiana law applies to this case and governs the issue of damages.  Because no one has demonstrated that Honduran law applies, or that it is different from Louisiana law, the Court will apply the law of Louisiana.

**B. Entry of Default Judgment**

The Court turns to whether a default judgment may be entered against defendant Bay Island.  The record shows that Bay Island Yacht Restoration was served with process on August 27, 2010, but has failed to plead or otherwise defend against Utila's claims. Although judgments by default are generally disfavored, *Lindsey*

---

[4]    R. Doc. 1.

5

*v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998), the Court finds that Bay Island's failure to appear has made it impossible to achieve the "just, speedy, and inexpensive disposition" of this case on the merits. *Sun Bank v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). The record does not reveal any excuse for defendant's failure to appear. Accordingly, the Court will enter a default judgment against defendant Bay Island Yacht Restoration.

**C. Breach of Contract and Damages**

Taking the allegations of the complaint as true, the Court finds that the plaintiffs state a prima facie case of breach of contract. Under Louisiana law, if an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he is liable in damages for the losses that may ensue from his non-compliance with his contract. LA. CIV. CODE art. 2769. A failure to perform an obligation results from nonperformance, defective performance, or delay in performance. LA. CIV. CODE art. 1994. Here, plaintiffs allege that plaintiffs and Bay Island entered into a valid contract, that Bay Island failed to timely perform that contract and that Bay Island's work was defective and had to be completed and redone by another company. The Court finds that plaintiffs have made a prima facie case that Bay Island breached the contract with plaintiffs.

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability." *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). A default judgment does not, however, establish the amount of damages. *Id.; see also Howard v. Weston*, 354 F. App'x 75, 76 (5th Cir. 2009) ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages."). The Fifth Circuit has stated that although "[a]s a general proposition, in the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing[,] [t]hat rule . . . is subject to an exception where the amount claimed is a liquidated sum or one capable of mathematical calculation." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *Id.* at 311 (citation omitted).

Here, the Court finds that the amount defendant owes plaintiff as a result of the breach of contract is capable of mathematical calculation. Utila provided a copy of the contract between Utila and Bay Island,[5] copies of negotiated checks from plaintiffs to the defendant evidencing payments for work that was

---

[5]     R. Doc. 31-6.

7

supposed to be performed by defendant.[6]  Utila also included the declaration of Troy Bodden, the owner of Utila, testifying that he made payments to Arvin Dilbert, the owner of Bay Island, totaling $223,000.[7]  Further, Utila submitted the affidavit of Patrick Dupuy, the owner of Bayou Yacht Painting, testifying that Troy Bodden paid him $122,721.79[8] to redo and complete the painting job that Bay Island started, the contract between Troy Bodden and Bayou Yacht Painting,[9] and copies of payment receipts for that work.[10]

A party injured by a contractual breach is entitled to be placed in the same position as he would have been in had the contract been properly performed.  LA. CIV. CODE art. 2769; *Maxwell v. Cayse*, 54 So.3d 118, 121 (La. Ct. App. 2010).  If the contract had been properly performed, Utila would have paid Bay Island $240,000.  Utila made payments to Bay Island in the amount of $223,000 and paid Bayou Yacht Painting $122,721.79 to redo and finish the job, for a total cost of $345,721.79.  The difference between the total cost ($345,721.79) and the amount Utila would have paid if the contract had been properly performed ($240,000)

---

[6]     R. Doc. 31-7.

[7]     R. Doc. 31-8.

[8]     R. Doc. 31-9.

[9]     R. Doc. 31-10.

[10]    R. Doc. 31-11.

is $105,721.79.  The Court finds therefore that Bay Island owes Utila damages in the amount of $105,721.79.  Because this amount is capable of mathematical calculation, the Court grants plaintiffs' motion without an evidentiary hearing.

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiffs' motion for default judgment against Bay Island Yacht Restoration in the amount of $105,721.79.

New Orleans, Louisiana, this 8th day of September, 2011.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE